### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BRUCE POINTER** | ) | |
| **3453 25th St., SE** | ) | |
| **Washington DC 20020** | ) | |
| | ) | **Case No.** |
| **Plaintiff** | ) | |
| **v.** | ) | **Judge:** |
| | ) | |
| **THE ARCHITECT OF THE** | ) | |
| **CAPITOL** | ) | |
| **U.S. Capitol Building** | ) | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| **Washington D.C.** | ) | **JURY TRIAL DEMANDED HEREIN** |
| **Defendant** | | |

For his Complaint against the Defendant Architect of the Capitol, Plaintiff Bruce Pointer, by and through his undersigned attorneys, avers the following, based on information and belief and/or the Plaintiff's personal knowledge.

### JURISDICTION

1. Plaintiff invokes the jurisdiction of this Court pursuant to The Congressional Accountability Act of 1995 (2 U.S.C. §1408 (a)).

2. This is an action authorized and instituted pursuant to The Congressional Accountability Act, (2 U.S.C. 1301 et seq.), which makes certain portions of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. sections 2000e, et seq.) applicable to the United States Congress and its Agencies, such as the Architect of the Capitol.

3. The unlawful employment practices alleged in this complaint were committed in the District of Columbia.

4. The Plaintiff is African American and a resident of the District of Columbia, which is in the Federal Judicial District of the District of Columbia.

5.  The Defendant, the Plaintiff's former, and prospective, employer, is a Congressional Agency located in the District of Columbia.

6.  Plaintiff has satisfied all administrative and judicial prerequisites to the institution of this action.  The Plaintiff filed a timely complaint before the Office of Compliance. The Plaintiff participated in the Office of Compliance Counseling and Mediation sessions; and the Plaintiff files this complaint after the expiration of 30-days, and before the expiration of 90-days, following the receipt of the notice of the termination of mediation.

7.  This case is related to the Plaintiff's civil action, Case No. 06-1056 (RCL), which is pending before this Court under District Court Judge Lamberth.  This civil action should be consolidated with civil action No. 06-1056 for discovery, pretrial procedure and trial.

### BACKGROUND FACTS RELATED TO ALL COUNTS

8.  The Plaintiff reasserts and reavers each of the above paragraphs as if they were specifically restated here.

9.  Plaintiff was terminated from his position as a Stone Mason with the Architect of the Capitol (AOC) on or about October 5, 2005.

10. In his prior (and currently pending) civil action, the Plaintiff contested his termination on the grounds that it was premised on race and retaliatory animus in violation of the Congressional Accountability Act.

11. At all times relevant, the Defendant, including its agents and employees were aware of the above-referenced civil action which the Plaintiff filed to contest his discriminatory and retaliatory termination.

12. In March 2006, Complainant applied for, and was subsequently deemed eligible for, a WG-3603-11 Mason position that was announced under Vacancy Announcement SC 2006-140.

13. Despite being qualified for the position, Plaintiff's name was not forwarded to the selecting official for consideration.

14. Additionally, after he applied for the position, which was originally advertised as a day-shift position, the position was changed to a midnight shift position.

### COUNT I: DISCRIMINATION BASED ON RACE

15. Plaintiff repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

16. The decision not to refer the Complainant to the selecting official for the WG-3603-11 Mason position was motivated by discrimination because of his race (African American) in violation of the Congressional Accountability Act.

17. The duty hours for the WG-3603-11 Mason position were changed so as to discourage Plaintiff from accepting the position, if selected, because of his race.

18. As a result of the discriminatory conduct described above, Mr. Pointer has suffered economic damages in the form of lost income, benefits and retirement contributions, in addition to emotional pain and suffering.

### COUNT II: RETALIATION

19. Plaintiff repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

20. The decision not to refer the Complainant to the selecting official for the WG-3603-11 Mason position was motivated by his prior protected activity (his participation in

3

the administrative counseling and mediation process before the Office of Compliance and his filing of a civil action to contest his discriminatory and retaliatory termination) in violation of the Congressional Accountability Act.

21. The duty hours for the WG-3603-11 Mason position were changed so as to discourage Plaintiff from accepting the position, if selected, in retaliation for his prior protected activity.

22. As a result of the retaliatory conduct described above, Mr. Pointer has suffered economic damages in the form of lost income, benefits and retirement contributions, in addition to emotional pain and suffering.

WHEREFORE, Plaintiff prays that this Court: (i) declare that the employment practices complained of in this complaint are unlawful in that they violate the Congressional Accountability Act and the Civil Rights statutes made applicable to the Architect of the Capitol therein; (ii) order the defendant to make the plaintiff whole by granting full back pay, front pay, abridged seniority and reimbursement for all loss of pension, retirement, insurance, Social Security and other monetary and non-monetary benefits, and prejudgment interest, all in amounts to be proved at trial; (iii) order that the defendant pay plaintiff compensatory damages in an amount to be determined at trial; (iv) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the defendant to file such reports as the Court deems necessary to evaluate such compliance; (v) order the defendant to pay plaintiff's costs and expenses and reasonable attorneys' fees in connection with this action; and (vi) grant such other and further relief to the plaintiff as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL CLAIMS.**

Respectfully Submitted,
ALDERMAN & DEVORSETZ, PLLC


_____
Leslie D. Alderman III (D.C. # 477750)
1025 Connecticut Ave., NW
Suite 1000
Washington, DC 20036
Tel: 202-969-8220
Fax: 202-969-8224
Attorneys for the Plaintiff