**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRUCE POINTER, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No.: 06-CV-1576 (RCL) ECF |
| THE ARCHITECT OF THE CAPITOL, | ) ) ) ) | |
|     Defendant. | ) ) | |

## ANSWER TO COMPLAINT

Defendant, Office of the Architect of the Capitol ("AOC") answers Plaintiff's Complaint as follows:

### JURISDICTION

1. Paragraph 1 sets forth the jurisdiction of this Court and, therefore, a response is not necessary. To the extent a response is necessary, Defendant admits the allegations of Paragraph 1.

2. Paragraph 2 sets forth the statutory basis for Plaintiff's Complaint and, therefore, a response is not necessary. To the extent that a response is necessary, Defendant admits that Plaintiff purports to bring an action under the Congressional Accountability Act and Title VII.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits that Defendant was Plaintiff's former employer; however, denies that it was Plaintiff's "prospective employer."

6. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 6 and, therefore, denies them.

7. Defendant admits that Plaintiff previously filed another lawsuit pending before this Court. However, Defendant denies that consolidation of the two matters is appropriate.

## BACKGROUND FACTS RELATED TO ALL COUNTS

8.  Defendant incorporates by reference all of the responses to Paragraphs 1-7 above.

9.  Defendant admits that plaintiff was terminated from his employment and was notified of the termination at a date prior to the date of the actual termination which was on or about October 5, 2005. Defendant denies the allegations in Paragraph 9 to the extent that the allegations imply that Plaintiff was a permanent employee of the AOC.  Plaintiff was only employed as a temporary stonemason subject to an automatic termination date around October 2005, unless another limited temporary appointment was made.

10.  Defendant notes that the prior complaint speaks for itself and is irrelevant to the matters in the present Complaint.  To extent that response is necessary, Defendant incorporates by reference its answers to Plaintiff's prior complaint.

11.  Defendant denies the allegations of Paragraph 11.  Defendant admits that a small number of employees became aware of the allegations of the prior complaint during the confidential proceedings of the same because they were a necessary part of the confidential proceedings.  The matters in the prior complaint are different from those of the present Complaint and do not involve the same employees or matters as in the present Complaint.

12.  Defendant denies the allegations in Paragraph 12.

13.  Plaintiff was found to be not qualified for consideration for the position and Plaintiff was not initially referred for consideration when the application and information provided by plaintiff was rated below the initial qualifying rating by AVUE (a computerized evaluation software) which does not identify the applicants' protected groupings.  Subsequently, Plaintiff was referred with all other applicants when none of the applicants initially referred was selected and additional applicants were requested.

14.  Defendant denies the allegations in Paragraph 14.

### Count I: Discrimination Based on Race

15. Defendant incorporates by reference all of the responses in Paragraphs 1-18 above.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

### Count II: Retaliation

19. Defendant incorporates by reference all of the responses Paragraphs 1-16 above.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. The remainder of Plaintiff's Complaint set forth Plaintiff's prayer for relief and, therefore, a response is not necessary. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to the relief sought, or to any relief whatsoever. Defendant further avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a.

All allegations of the Complaint not specifically admitted above are denied.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the Complaint or a portion thereof.

### SECOND DEFENSE

The Complaint or a portion thereof may be barred by the applicable limitations period.

### THIRD DEFENSE

The Plaintiff may not have properly exhausted his administrative remedies.

### FOURTH DEFENSE

The Complaint or a portion thereof fails to state a claim upon which relief may be

granted.

## FIFTH DEFENSE

Plaintiff has not mitigated his damages. Specific proof of all alleged damages is requested.

## SIXTH DEFENSE

Plaintiff is estopped from his claims because they are the result of plaintiff's own actions.

Defendant expressly denies all allegations to which no specific response has been made.

Defendant prays that the Court enters judgment in favor of Defendant and dismisses the above-captioned with prejudice.

Dated: November 15, 2006.              Respectfully Submitted,

   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant